THE STATE, EX REL. PETER KELLY, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

1. The classical construction of a word will not always give the meaning which use has attached to it.

2. In giving a legal construction to legislative enactments, the context and the whole act are to be regarded in ascertaining the mind of the legislature. The entire subject matter, and the policy of the law, are often invoked to aid in the interpretation.

3. The object of a *mandamus* in the alternative is to give the opposing party the benefit of a return, and a full hearing on the merits, before judgment pronounced, which shall be peremptorily executed.

4. An application for a *mandamus* where both parties are heard, and there is no dispute about the facts, and the law is with the application, a peremptory *mandamus* may be granted in the first instance.

On application for peremptory *mandamus* to admit and recognize Peter Kelly, the relator, as one of the board of aldermen of the city of Paterson.

Argued June Term, 1871, before Justices BEDLE, WOODHULL, and SCUDDER.

For applicant, *A. B. Woodruff* and *B. Williamson.*

Contra, *S. Tuttle* and *J. Dixon, Jr.*

SCUDDER, J. The relator claims that he is an alderman of the city of Paterson, duly elected under the charter; that having served for two years, he still continues in office because no successor has been elected in his stead; that certain members assuming to be a legally constituted board of aldermen, refuse to admit him to the duties and franchises of his office.

Two questions are presented : *First.* What is his right? and *Second.* What is his remedy?

His right to the office depends upon the construction of two charters of the city of Paterson, one in effect when he

was elected, and the other in force when he was refused his seat on the ground that his term of office had expired.

On the second Monday of April, 1869, at an election held in the city of Paterson, for officers of said city, Peter Kelly was elected an alderman for the eighth ward. On the Monday following, he was duly qualified, and took his seat as a member of the board of aldermen. He continued to act as such officer until the third Monday of April last, 1871, when he was refused a seat in the board.

By the ninth section of the act of March 25th, 1869, (*Laws, p.* 711,) it is enacted that the mayor and aldermen of the city of Paterson "shall hold their office for the term of two years, and until others are elected, and duly enter into office in their stead."

In the new charter of March 23d, 1871, section one hundred and seventy-two, it is enacted " that every person now holding any office in said city according to law, shall be entitled to hold the same, and be required to perform all the duties thereof, with such additional duties, powers, and restrictions, if any, as may be conferred or imposed by this act, for the full term for which he was elected."

When this latter charter was approved, Peter Kelly was holding the office of alderman in said city according to law, and the full term for which he was elected, under the act of 1869, was two years, and until another was elected, and duly entered into office in his stead.

It is said, however, that the expression in the act of 1871, "for the full term for which he was elected," is more limited, and means the definite period of two years. The attempted explanation of the word term was ingenious, but hardly satisfactory. The classical derivation of a word will not always give the meaning which use has attached to it. In giving a legal construction to legislative enactments, the context and the whole act are to be regarded in ascertaining the mind of the legislature. The entire subject matter, and the policy of the law, are often invoked to aid in the interpretation.

It was the obvious intent of the act of 1869 to guard against a vacancy in this important public office, hence the provision that the time might be extended beyond two years, until some other person was duly elected and qualified to fill. It was not left to implication, as it is often, but provided for in express terms. See *People* v. *Runkle*, 9 *Johns.* 158.

To extend the construction, therefore, to a term beyond two years, is not only reasonable, but required by the exact words used.

Kelly was elected from the eighth ward, and there could be no question of the correctness of this construction, if that ward remains as it was under the charter of 1869 ; but it has been changed. Part of the old eighth ward was thrown into the new seventh ward ; and parts of the fifth, seventh, and ninth wards were added to the balance of the former eighth ward, to make a new eighth ward. The ninth ward, under the charter of 1869, was stricken out, so that there were but eight wards left in the city. Provision was made for these changes by the new charter of 1871, in the second proviso of section one hundred and seventy-two, as follows : " Provided further, that the term of office of any and every officer heretofore elected in and for the ninth ward of said city, and of any and every officer heretofore elected in and for a ward in which such officer no longer resides, as such ward is by this act described, shall cease and determine forthwith ; and in case any office is thereby vacated in any ward, as such ward is herein described, such office shall be filled at the municipal election held next after the passage of this act."

The officers of the ninth ward go out, but the officers of the eight wards remain, except where, by the change of boundaries, an officer no longer resides in the ward for which he was elected, in which case his office is vacated. If he continue to reside within the boundaries of the ward for which he was elected, then he holds for his full term. This is Peter Kelly's situation. He still resides within the boundaries of the eighth ward, as now described, and is, therefore, in no way affected by the change.

An election was held in the new eighth ward on the second Monday in April last, for city officers, and, among others, for an alderman to succeed Peter Kelly; but in the afternoon the ballot-box was destroyed by violence, and no return was made of an election in that ward. No other person is elected alderman, nor can any one duly enter into office in his stead. He therefore holds over as an alderman of the eighth ward under his former term, and is entitled to his seat in the board until his successor is elected from the eighth ward, as now constituted.

The second question to be determined is, what is his remedy?

He has been refused admission to a public office, and if he have no other specific legal remedy, and his right is clear, he is entitled to a writ of *mandamus*. There can be no question that the law affords him no other sufficient redress, and this must be his appropriate remedy.

But in what form shall it issue? The application is for a peremptory *mandamus* in the first instance. This is not the usual course of proceeding, for the writ, ordinarily, is first used in the alternative. The object is to give the opposing party the benefit of a return, and a full hearing on the merits, before a judgment is pronounced, which shall be peremptorily executed. In this case both parties have been heard, every fact has been fully presented and the law discussed. The facts are all admitted, as they are shown by the affidavits of the relators.

On application for a *mandamus*, where both parties are heard, and there is no dispute about the facts, and the law is with the application, a peremptory *mandamus* may be granted in the first instance. *Ex parte Rogers*, 7 *Cow.* 526; *Comm'rs of Knox Co.* v. *Aspinwall*, 24 *How.* 376; *People* v. *Contracting Board*, 27 *N. Y.* 378, 386; *State* v. *Rahway*, 4 *Vroom* 110, 111; *State* v. *Elkinton*, 1 *Vroom* 335; *Moses on Mandamus* 222.

This is one of those extraordinary cases in which the writ may be peremptory in the first instance. The necessity for

immediate action is apparent, and was, in effect, admitted by the respondents on the argument before the court.

Owing to the equal division of the board between the two political parties, and the factious refusal of some to take their seat in the board, the business of the city is greatly embarrassed, and a speedy remedy is needed. It is important that the rights and duties of every member of the board should be promptly settled, that the affairs of the city be not further delayed and hindered.

It is therefore ordered that a peremptory *mandamus* do issue, directed to the board of aldermen of the city of Paterson, commanding them, and each of them, to restore the said Peter Kelly into the place and office of one of the aldermen of the said city of Paterson, representing the eighth ward in said city, together with all the liberties, privileges and franchises to the said place and office belonging and appertaining.

Application granted.

Justices BEDLE and WOODHULL concurred.